| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | McGREGOR W. SCOTT<br>United States Attorney<br>DAVID GAPPA<br>Assistant United States Attorney<br>2500 Tulare Street, Suite 4401<br>Fresno, Ca 93721<br>Telephone: (559) 497-4000<br>Facsimile: (559) 497-4099 |
| 6<br>7 | Attorneys for Plaintiff<br>United States of America |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>GARY LEE BRIGGS,<br><br>         Defendant. | Case No: 1:20-CR-00041-NONE-SKO<br><br>STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION OF PROTECTED INFORMATION AND PROTECTIVE ORDER<br><br>Ctrm:          7<br><br>Hon.           Sheila K. Oberto |

This case involves charges related to the sexual exploitation of minors. The discovery in this case contains private personal information related to the defendant and third parties (both adults and minors), including but not limited to their names, dates of birth, physical descriptions, telephone numbers, otherwise private social media postings, and/or residential addresses as well as images of victims.

The parties desire to avoid both the necessity of large-scale redactions and the unauthorized disclosure or dissemination of this information to anyone not a party to the court proceedings in this matter, so the parties agree that entry of a protective order would be appropriate and facilitate the expeditious exchange of information about the case.

1

As a result, defendant Gary Lee Briggs, by and through his counsel of record, John Alan Meyer (defense counsel), and the United States of America, by and through Assistant United States Attorney David Gappa, agree as follows:

1. This court may enter a protective order under Rule 16(d) of the Federal Rules of Criminal Procedure, and the court's general supervisory authority.

2. The protective order will cover all discovery provided to or made available to defense counsel as part of discovery in this case.

3. By signing this stipulation and protective order, defense counsel agrees not to share any documents that contain protected information with anyone other than defense counsel's associated attorneys, designated defense investigator(s), designated defense expert(s), and/or support staff. Defense counsel may permit the defendant to view unredacted documents in the presence of his attorney(s), defense investigator(s), and/or support staff. The parties agree that defense counsel, defense investigator(s), and support staff shall not allow the defendant to copy or record protected information contained in the discovery. The parties agree that defense counsel, defense investigator(s), and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

4. The discovery and information within it may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will always remain the property of the United States of America (the government). Defense counsel will return the discovery to the government at the conclusion of the case.

5. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to anyone in violation of this agreement.

6. Defense counsel shall be responsible for advising the defendant, employees, and other members of the defense team, and defense witnesses of the contents of this stipulation and order.

7. In the event that defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel and to return any discovery provided to the government.

8. The government will make digital evidence (including contraband) available within the confines of the Homeland Security Investigations office in downtown Fresno, California. The digital

evidence (contraband) shall not be viewed by any other person unless defense counsel is present and the viewing is necessary to prepare for defendant's defense. Arrangements for reviewing that material can be made through HSI Special Agent Monique Jacques at 559-351-1019. Neither defense counsel nor any representative of defense counsel will remove any contraband from the custody or control of the law enforcement agency.

IT IS SO STIPULATED.

Date:   February 24, 2020                     /s/ John Alan Meyer
                                              John Alan Meyer
                                              Attorney for defendant
                                              Gary Lee Briggs

Date: February 21, 2020                       McGREGOR W. SCOTT
                                              United States Attorney


                                              By: /s/ David Gappa
                                              David Gappa
                                              Assistant U.S. Attorney


IT IS SO ORDERED.

Dated:   **February 25, 2020**                /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE