PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00041-JLT-SKO |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| GARY BRIGGS, | PROPOSED TRIAL DATE: July 25, 2023 TIME: 8:30 a.m. |
| Defendant. | COURT: Hon. Jennifer L. Thurston |

This case is set for a status conference on October 5, 2022, but the parties have agreed to schedule a trial to start July 25, 2023, at 8:30 a.m. The parties have cleared this date with the district court. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020, . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). The court issued General Order 655 on September 19, 2022, which found that public health conditions had not improved significantly and justified an additional ninety-day extension of previous

orders related to court proceedings.

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the general orders require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The general orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus pandemic poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

In light of the societal context created by the foregoing, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1.      By previous order this matter was set for a status conference hearing on October 5, 2022. The Court more recently has invited a continuance of this hearing if counsel have agreed on a date for the start of a trial.

2.      By this stipulation, the parties agree that the trial be scheduled to begin July 25, 2023, and to exclude time between October 5, 2022, and July 25, 2023, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv). The parties stipulate, and request that the court find the following:

a)      Counsel for defendant desires additional time to consult with his client, to review the current charges and conduct additional investigation and research related to the charges, to discuss potential resolutions with his client, and to evaluate and potentially prepare pretrial motions. Access to the defendant has been limited by various quarantines at the Fresno County Jail, and this has impeded resolution of this case.

b)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c)      The government does not object to the continuance and joins in the request.

d)      In addition to the public health concerns cited by General Orders 611, 612, 617, and 655 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed. For these reasons, the court has encouraged the parties to enter this stipulation.

1    e)    Based on the above-stated findings, the ends of justice are served by continuing

2    the case as requested and outweigh the interest of the public and the defendant in a trial within

3    the original date prescribed by the Speedy Trial Act.

4    f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

5    et seq., within which trial must commence, the time period between October 5, 2022, to July 25,

6    2023, inclusive, is deemed excludable under 18 U.S.C.§ 3161(h)(7)(A), and (B)(iv), because it

7    results from a continuance granted by the court at defendant's request on the basis of the court's

8    finding that the ends of justice served by taking such action outweigh the best interest of the

9    public and the defendant in a speedy trial.

10   3.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

11   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

12   must commence.

13   IT IS SO STIPULATED.

14

15

16   Dated:  October 3, 2022                     PHILLIP A. TALBERT
                                                  United States Attorney

17

18                                               /s/ DAVID L. GAPPA
                                                 DAVID L. GAPPA
19                                               Assistant United States Attorney

20

21   Dated:  October 3, 2022                     /s/ MARK BROUGHTON
                                                 MARK BROUGHTON
22                                               Counsel for Defendant
                                                 GARY BRIGGS
23

24

25

26

27

28

1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                    CASE NO.  1:20-CR-00041 JLT-SKO

                              Plaintiff,           ORDER
12

13                     v.                          TRIAL DATE: July 25, 2023
                                                   TIME: 8:30 a.m.
14   GARY BRIGGS,                                  COURT: Hon. Jennifer L. Thurston

                              Defendant.
15

16                                    **ORDER**

17          The Court has reviewed and considered the stipulation filed by the parties on October 3, 2022,

18   and also reviewed the record of this case.  For the reasons stated in the stipulation the period of time

19   from October 3, 2022, to July 25, 2023, inclusive, is deemed excludable under 18 U.S.C. §§

20   3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the

21   Court at the request of the parties on the basis of the Court's finding that the ends of justice served by

22   taking such action outweigh the best interest of the public and the defendant in a speedy trial.

23          IT IS SO ORDERED.

24

25   DATED:      10/4/2022                    _Sheila K. Oberto_____

26                                            THE HONORABLE SHEILA K. OBERTO
                                              UNITED STATES MAGISTRATE JUDGE
27

28